ORIGINAL

# In the United States Court of Federal Claims

**FILED**

NOT FOR PUBLICATION
No. 13-843
(Filed: February 6, 2014)

FEB 6 2014

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| ECHO WESTLEY DIXON, | ) ) ) |
| Pro Se Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## OPINION DISMISSING COMPLAINT

Pending before the court is the United States' ("the government") motion to dismiss the pro se amended complaint in the above-captioned case under Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims and to deny plaintiff Echo Westley Dixon's ("Mr. Dixon") motion to proceed in forma pauperis. Mr. Dixon, an inmate in New York state prison, filed his complaint on October 28, 2013, followed by an amended complaint on November 6, 2013. Mr. Dixon has filed 23 cases in various federal district courts challenging his state conviction on numerous grounds. To date, none of these cases have been successful. In fact, he has now been barred from filing additional cases in forma pauperis in the United States District Court for the Southern District of New York under 28 U.S.C. § 1915(g). Mr. Dixon brings the present case in this court once more challenging his conviction, as well as the failure of the United States

to address the objections in his previous lawsuits. He claims that the United States is liable for taking his property in violation of the Fifth Amendment. He also claims that he is entitled to damages under the First, Fourth, and Fourteenth Amendments and for numerous torts committed against him by various judges and government officials.[1] Mr. Dixon seeks $1,290,000,000 in damages, along with equitable and injunctive relief. For the reasons set forth below, the court finds that this court lacks subject matter jurisdiction over the complaint and that the case therefore must be dismissed.

I. **BACKGROUND**

According to the complaint, Mr. Dixon is currently a prisoner in a New York state prison. Plaintiff's claims stem from July 7, 2000, when he alleges to have witnessed an acquaintance commit a robbery in a subway station. The acquaintance was later

---

[1] Specifically, the complaint states:

> This claim is for Conspiracy, Abuse of Process, Alienation of Affections, Assault, Battery, Conversion, Fraud, Deceit, Undue Influence, Breach of Fiduciary Duty, Perjury, Breach of Employment Contract, Libel, Breach of Trust, Slander, Disparagement, Legal Malpractice, False Imprisonment, Enticement of Spouse, Intentional Infliction of Emotional Distress, Malicious Prosecution, Interference with Contract Relations, Interference with Prospective Advantage, Appropriation, False Light, Intrusion, Public Disclosure of Private Fact, Misrepresentation, Negligence, Public Nuisance, Strict Liability for Abnormally Dangerous Conditions and Activities, Trespass to Chattels, Loss of Consortium, Injurious Falsehood, Loss of Parental Consortium, and Civil Rights Violations by the United States of America (hereafter "defendant") committed by its employees, the Pro Se Office of the United States District Court for the Southern District of New York (hereafter, the "PSO"), Honorable Victor Marrero and Honorable Richard J. Sullivan, both United States District Judges of the Southern District of New York, Honorable Loretta A. Preska, Chief United States District Judge for the Southern District of New York, other Judges of the United States District Court for the Southern, Western and Northern Districts of New York, Circuit Judges of the United States Court of Appeals for the Second Circuit, and Justices of the United States Supreme Court, as well as Congress, who injured the plaintiff while acting within the scope of their office or employment on July 7, 2000.

Compl. at ¶ 4.

apprehended by local New York police. Following the apprehension, police officers, district attorneys, the acquaintance, and the victim allegedly conspired to arrest and imprison Mr. Dixon in connection with this robbery, which he claims he did not commit. This conspiracy was allegedly entered into because of plaintiff's "race, color, creed, socioeconomic status as impoverished, lack of legal savvy, and prior criminal acts analogous to the factual pattern of the robbery under investigation." Compl. at ¶ 12. He also alleges that officers of the New York Metropolitan Transportation Authority Police Department, the New York County District Attorney, and the New York County Assistant District Attorney planted $125 as evidence of the robbery and forged additional evidence to support their conspiracy against plaintiff. Plaintiff was convicted of second-degree robbery and sentenced as a second violent felony offender to ten years in prison; the conviction was affirmed on appeal. See People v. Dixon, 19 A.D.3d 132, 132, 795 N.Y.S.2d 586, 587 (N.Y. App. Div. 2005).

## II. PLAINTIFF IS NOT ENTITLED TO PROCEED IN FORMA PAUPERIS

The government argues that the case should be dismissed because plaintiff failed to pay the filing fee and is not entitled to proceed in forma pauperis. Plaintiff argues that he is entitled to proceed in forma pauperis because he cannot pay the filing fee.

If a plaintiff is unable to pay the required court fees, courts may authorize proceeding in forma pauperis. 28 U.S.C. § 1915(a). However, a plaintiff who is a prisoner is prohibited from proceeding in forma pauperis if he or she

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

> claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. at § 1915(g). According to court documents from the United States District Court for the Southern District of New York that plaintiff submitted, plaintiff has exceeded the 3 case limit and been barred from filing further actions. Am. Comp., Ex. 1 at 1; see also Dixon v. Grant, No. 08-cv-7364 (S.D.N.Y. Feb. 17, 2010). It appears that plaintiff has continued to file cases in the Southern District of New York despite this bar. See Def. Mot. to Dismiss, App. at ii. Plaintiff has not alleged or demonstrated the he is under imminent danger of serious physical injury. Accordingly, the court finds that plaintiff is prohibited from proceeding in forma pauperis in this court under § 1915(g), and the motion to proceed is **DENIED**. Plaintiff should be required to pay the court's filing fee. Nonetheless, the court has decided to waive the filing fee for purposes of ruling on the government's motion to dismiss.

### III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF JURISDICTION

The plaintiff has filed numerous documents in this case. The court has reviewed those that it has allowed to be filed and, after a review of plaintiff's submissions and the government's motions, concludes that it lacks subject matter jurisdiction over plaintiff's claims. The United States Court of Federal Claims is granted jurisdiction by the Tucker Act over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. Jurisdiction is a threshold matter, see

4

PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)), and the case must be dismissed where the court has not been granted jurisdiction to hear a claim, see Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). See generally John R. Sand & Gravel v. United States, 552 U.S. 130 (2008), aff'g 457 F.3d 1345 (Fed. Cir. 2006).[2]

When considering the dismissal of a pro se complaint, the court holds "the pleading 'to less stringent standards than formal pleadings drafted by lawyers.'" Johnson v. United States, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Despite this permissive standard, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd 98 F. App'x 860 (Fed. Cir. 2004).

First, this court does not have jurisdiction over any of the claims alleged against federal courts, employees of federal courts, or the United States Congress. This court's jurisdiction extends only to suits against the United States. See United States v. Dean, 55 F.3d 640, 658-59 (D.C. Cir. 1995) (holding that only a part of the executive branch may be a department or agency). In addition, this court lacks jurisdiction to review decisions of district courts. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

As for plaintiff's claims under the First, Fourth, Fifth, and Fourteenth Amendments, those claims must be dismissed because the First, Fourth, Fifth (Due

---

[2] Plaintiff also identifies 28 U.S.C. §§ 1346(a)-(b), which provide concurrent jurisdiction for tax refund claims and Tucker Act claims under $10,000, respectively, as providing jurisdiction for his claims.

5

Process Clause), and Fourteenth Amendments are not money-mandating. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clause of the Fifth Amendment; Fourteenth Amendment); United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment). In addition, plaintiff has not identified any property interest to support a Fifth Amendment takings claim and thus this claim must be dismissed. Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir. 2004) ("[T]he court must determine whether the claimant has established a property interest for purposes of the Fifth Amendment. . . . If the claimant fails to demonstrate the existence of a legally cognizable property interest, the courts task is at an end.") (citing Maritrans Inc. v. United States, 342 F.3d 1344, 1351-52 (Fed. Cir. 2003)).

Plaintiff's tort claims must be dismissed because this court lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491. Likewise, this court lacks jurisdiction over the claims asserted under 42 U.S.C. §§ 1982-1983. Those claims may be heard only in United States district court. E.g. Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) ("the court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983").

Although plaintiff lists other claims including an alleged breach of an employment contract between himself and the United States, and that he is a third-party beneficiary of contracts between the United States and various federal or state officials, there is no basis upon which to believe that any such contracts exist. The court finds that these claims and all of the remaining claims in plaintiff's complaint or identified in his pleadings are

6

frivolous and are not sufficient to invoke this court's jurisdiction. <u>Jennette v. United States</u>, 77 Fed. Cl. 132, 136 (2007).

## IV.   CONCLUSION

For all of the reasons set forth above, the government's motion to dismiss for lack of jurisdiction is **GRANTED**.[3]  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[3] Plaintiff has also filed a Motion for Additional Jurisdiction, Notice of Directly and Indirectly Related Cases, and Judgment on the Administrative Record, and a Motion for Declaratory Judgment and Additional Causes of Action, as well as a January 28, 2014 memorandum regarding executive orders.  To the extent that they are not addressed above, these motions are **DENIED** as moot.

7